JABINE et al. v. SPARKS, Presiding Judge, et al.

(Circuit Court of Appeals, Sixth Circuit. July 6, 1904.)

No. 1,301.

1. APPEAL AND ERROR—FINAL DETERMINATION.

The case coming on to be heard on plaintiffs' demurrer to defendant's return in a mandamus proceeding, the court made an order, and plaintiffs excepted to so much of it as ordered the appointment of a collector of taxes without first ordering the removal of the sheriff. Thereafter plaintiffs filed a reply to defendant's return, and the court required defendant to file a rejoinder in a certain time. *Held*, that the court had allowed further pleading, so that its order, which would have become final had plaintiffs stood by their demurrer, was not a final determination authorizing a writ of error.

In Error to the Circuit Court of the United States for the Western District of Kentucky.

D. M. Rodman, for all plaintiffs in error.

John A. Pitts, for plaintiff in error Frank C. Guthrie.

W. L. Reeves, for defendants in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. This is a proceeding in mandamus instituted in the court below by the plaintiffs in error to enforce the payment of judgments obtained by them against Muhlenberg county, one by John N. Jabine on June 30, 1893, for $4,065.72, with interest and costs; and the other by Eva Murray on January 26, 1894, for $16,193.12, with interest and costs. These judgments were founded, respectively, upon bonds and interest coupons issued by the county on March 1, 1869, in payment for its subscription for stock of the Elizabethtown & Paducah Railroad Company under the authority of an act of the Kentucky Legislature passed March 5, 1867 (2 Acts 1867, p. 253, c. 1689), which chartered the company, as amended by a further act passed February 24, 1868 (1 Acts 1867–68, p. 622, c. 548), enabling certain counties, of which Muhlenberg was one, lying along the route of the railroad, to purchase stock, and issue its bonds in payment therefor to the railroad company. It was provided in the act that it should be the duty of the county judge of each county in which the voters should elect to make such subscription, and which should issue its bonds therefor, to levy taxes upon all the assessable property in the county sufficient to pay the principal and interest on such bonds as they should become due. For several years the county paid the semiannual interest due on the bonds in due season, but in 1874, it repudiated the debt, and has ever since refused to pay the bonds, either the principal or the interest falling due thereon, notwithstanding the validity of the bonds and the obligation of the county to pay them has long since been judicially established.

Having obtained their judgments as aforesaid, the plaintiffs endeavored to secure the making of a levy of a tax by the county judge sufficient to pay their judgments. But all such applications were refused by the said county judge, and all legal proceedings taken for

the purpose of compelling him to perform this duty have been resisted. Without reciting further particulars than are necessary to the disposition of this writ of error, it must suffice to say that on January 27, 1897, the plaintiffs secured an order of the Circuit Court, which was affirmed by this court on a writ of error sued out by the county judge, for a peremptory writ of mandamus to the said county judge requiring him to make a levy of taxes on the county sufficient to pay their judgments, and deliver it to the sheriff of the county for collection. Eventually he made the levy. But the sheriff refused to give the bond required by law, and collectors were appointed, one after another, but they, too, refused to qualify. At length, on June 18, 1901, a motion was made based on an affidavit of the attorney for the plaintiffs stating the facts exhibited by the record and the changes which had occurred in the circumstances, for a further writ to order another levy upon the assessment of 1900 which was then current. This motion was denied upon the grounds that it should have been made upon petition, that it was not shown by the affidavit that any demand for such a levy had been made upon the county judge, and that the averments of the affidavit were vague and insufficient. Thereupon the plaintiffs at the November term, 1901, filed a petition, styled in the record "an amended and supplemental petition," and renewed their motion for an additional levy. The motion was again overruled. In May, 1902, the plaintiffs moved the court to require a return to the writ of mandamus which was entered in 1898 on the receipt of our mandate. This motion was overruled. Then, at the November term, 1902, the plaintiffs filed a further "amended and supplemental petition" charging that Sparks, the county judge, had not complied with the writ of mandamus of 1898; that he had continually refused to remove the sheriff and appoint a collector, and that the tax had not, therefore, been collected during any of the years which had elapsed; that Sparks, the county judge, had not made any return of his doings under the writ, and refused to take any steps whatever toward the fulfillment of the orders therein contained. They nominated one George S. Allison, a citizen of Kentucky, as collector, and prayed that the said county judge might be ordered to make return to said writ, that he be required to remove the sheriff from office and appoint Allison collector. The court sustained the motion so far as to require the county judge to make a report of "what he has done under the order entered herein on the 7th day of June, 1898." The county judge thereupon made a return setting up various grounds and reasons why the petition of the plaintiffs should not be granted, among them that it was not the duty of the sheriff to collect the taxes on the levy made in February, 1896, and that he (the county judge) was not authorized to require him to do so, or to remove him from office for a refusal to give bond for making such collection. Upon the coming in of this return the plaintiffs demurred thereto upon the ground that it did not present any defense to the petition, and was evasive and insufficient. The case came on to be heard upon the demurrer, and, as the record states, upon the plaintiffs' motion for a further writ of mandamus; whereupon the court, apparently basing its action upon all the petitions which had been filed in this behalf, filed its opinion upon the whole matter shown there-

by and by the return of the county judge, and entered the order following:

"The motion of the plaintiffs for a writ of mandamus requiring an additional levy is overruled, to which plaintiffs except. It is further considered and adjudged by the court that the defendant, Thos. J. Sparks, as county judge of said county, and sitting as such, shall within twenty days from the entry of this order give and allow to the sheriff of said county upon notice in writing an opportunity to qualify, if he will, by executing bond according to law for the collection of the levy made under the mandamus herein, and if within said twenty days said sheriff shall fail or refuse to do so the said county judge, sitting as the presiding judge of the county court of said county, shall enter an order declaring such failure or refusal, and shall thereupon appoint George S. Allison as collector of said taxes, but without otherwise removing said sheriff from office. When the said Allison, if appointed collector, shall have given a good and sufficient bond for the faithful discharge of his duties and containing such other stipulations as may be required by law, the county judge shall, at the expense of Muhlenberg county, furnish to said collector all proper tax books or lists showing all the particulars of said levy in due form of law, in order that the said Allison may proceed to collect the said taxes."

To this order the plaintiffs excepted as follows:

"To which the plaintiffs each except to so much of said order as orders the appointment of the collector without ordering the removal of the sheriff preceding the said appointment."

On the day following, which was November 24, 1903, the plaintiffs filed a reply to the beforementioned return of the county judge, in which they controverted many of the statements made therein; and the court ordered that the time for filing a rejoinder therein be extended until March 1, 1904. As the court had already rendered its decision upon the facts appearing upon the plaintiffs' petitions and the return of the county judge on the hearing of the demurrer, the filing of this reply, and the order of the court entered thereon, are explainable only upon the hypothesis that the plaintiffs regarded the order of the court upon the merits as one based upon the pleadings as they then stood, and claimed that they were entitled notwithstanding to take issue upon the return of the county judge, and that the court recognized that right, or, at all events, consented to reconsider the matter upon a further showing. Upon this state of facts it is contended for the defendants in error that the order of November 23, 1903, was not final, and that this writ of error is premature. We think there is no escape from this conclusion. If the plaintiffs had chosen to stand by their demurrer to the return of the county judge, the order would have become absolute and final. But instead of this they elected to plead further, and filed a reply. The court had required the respondent to rejoin thereto within a time fixed. In this condition of the case the plaintiffs sued out their writ of error. If the plaintiffs had first obtained leave of the court to withdraw their reply and to stand by their demurrer, it may be that the writ of error could then have been sued out. It is too plain to require the citation of authority that there had been no final determination of the suit or motions of the plaintiffs, and there is no alternative but to dismiss the writ of error.

An order must be entered accordingly.